UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAMELA CLAY, on behalf
of W.G., Jr.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 4:05-CV-98

Hon. Richard Alan Enslen

**JUDGMENT**

      Plaintiff Pamela Clay, on behalf of her minor child, has objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 1, 2006, which affirmed the decision of the Commissioner of Social Security denying Supplemental Security Income to the minor child. This Court reviews the decision of the Commissioner to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

      Plaintiff's Objection concerns, for the most part, whether the child claimant suffers from a listed impairment meeting the requirements of 20 C.F.R. § 416.926a. The regulations list six domains of functioning, 20 C.F.R. § 416.926a(b)(1), and dictate that a child with "marked limitations" in two or more domains or "extreme" limitations in one or more domains is disabled. 20 C.F.R. § 416.926.a(a). Plaintiff's Objection simply relies on different evidence and makes a different assessment of the credibility of the evidence upon which the Administrative Law Judge relied. This is insufficient in that the Administrative Law Judge is permitted wide latitude in

assessing evidence, including the supporting expert evidence on this record.[1] *See Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984) (stating that the reviewing court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility."); *Foster v. Halter,* 279 F.3d 348, 353 (6th Cir. 2001) (holding that the reviewing court must defer to the agency decision if supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion") (quoting *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997)).

The balance of Plaintiff's Objection concerns the Administrative Law Judge's alleged failure to investigate and develop the record. (*See* Obj. 2, citing *Sims v. Apfel*, 530 U.S. 103 (2000).) Notwithstanding this argument, the record does not demonstrate a complete failure to investigate and develop the factual record. Furthermore, to the extent that Plaintiff is seeking a "sentence six remand" she has not made a factual showing to support such a remand. *See Cline v. Comm'r of Soc. Sec.,* 96 F.3d 146, 148 (6th Cir. 1996); *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Pamela Clay's Objection (Dkt. No. 11) is **DENIED**, the Report and Recommendation (Dkt. No. 10) is **ADOPTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 31, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[1] For example, Plaintiff says in part that there is no evidence supporting a conclusion that medications made any significant difference in the claimant's behavior. (Obj. 3.) To the contrary, the Magistrate Judge cites both treatment notes and performance assessments, which indicated the medication alleviated the adverse symptoms somewhat. (Report and Recommendation 7-9.)